UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COLLIN DELONG, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOMKE *et al.*, )<br>    Defendants. ) | Case No. 24-3306 |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Colin Delong, an inmate at Vienna Correctional Center ("Vienna"). Plaintiff also filed a Motion for Counsel (Doc. 5).

### I.    Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.     **Facts Alleged**

Plaintiff's pleading names the following Sangamon County Deputies: Bomke, Nick Byerline, Olson, Painter, and Turasky. Plaintiff does not provide any facts in his pleading. (Pl. Compl. Doc. 1.) Instead, he directs the Court's attention to his appended exhibit, which spans fifty-one pages and includes a synopsis of his October 2022 arrest in criminal case CF-22-1000, grievances he filed presumedly while detained at the Sangamon County Jail, Freedom of Information Act request, and field case reports, among other documents. (Doc. 1-1 at 1-51.)

III.    **Analysis**

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite identifying Defendants Bomke, Byerline, Olson, Painter, and Turasky, Plaintiff does not mention the acts or omissions to establish a constitutional violation against them. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *see also Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) ("To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a

right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law.").

Consequently, the Court dismisses Plaintiff's complaint because he fails to state a plausible claim for relief. However, the Court grants Plaintiff leave to file an amended complaint. Plaintiff's Amended Complaint must stand independently without reference to his initial filing and contain all claims against all defendants. In other words, Plaintiff's amended pleading must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

## II.  Counsel and Address

Plaintiff's Motion for Counsel (Doc. 5) remains pending. However, the Court notes that Plaintiff has not updated his address as instructed in the Court's Notice of Case Opening (Doc. 2) to reflect his current incarceration at Vienna. Thus, within fourteen days of the entry of the Court's Order, Plaintiff shall file a Notice of Change of Address with the Court, reflecting his current address. Failure to comply will result in the dismissal of Plaintiff's case absent good cause shown.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's is DIRECTED to file a Notice of Change of Address within fourteen days of the entry of the Court's Order. Failure to comply will result in the dismissal of Plaintiff's case absent good cause shown.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

3) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the deadline established or fails to comply with the provided instructions, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 20, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
