## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **COLLIN DELONG,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-3306** |
| | ) | |
| **BOMKE** *et al.*, | ) | |
| **Defendants.** | ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 11) filed under 42 U.S.C. § 1983 by Plaintiff Colin Delong, an inmate at Vienna Correctional Center ("Vienna").

## I.      Screening Standard

The Court must "screen" Plaintiff's amended pleading and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.     **Facts Alleged**

Plaintiff alleges that Sangamon County Deputies Bomke, Nick Byerline, Olson, Painter, and Turasky committed constitutional violations during his arrest on October 11, 2022. Plaintiff recalls he assisted Jason by delivering materials in a pickup truck to a residence. After Jason lost his ignition keys, the homeowner drove Jason to his trailer to retrieve a second set of keys. Plaintiff believed they would return shortly, but after five hours, he fell asleep in the driver's seat of the truck. (Pl. Amend. Compl., Doc. 11 at 5-6.)

Sometime thereafter, Defendant Olsen awoke Plaintiff, who complied with her request to step out of the vehicle. Olsen then placed Plaintiff in handcuffs for safety reasons while she checked Plaintiff's stated identity because he could not produce any identifying documentation. Defendants Byerline and Turasky arrived and approached Plaintiff as he stood facing the front of the truck. Olsen informed Plaintiff he was under arrest for possession of a stolen vehicle. After Plaintiff unsuccessfully attempted to explain that Jason was the owner, he acknowledged that he became "irate" and began hitting his head on the hood of the truck, yelling that he was innocent. (*Id*. at 7.)

Plaintiff claims that Defendants Byerline and Turasky then grabbed and slammed Plaintiff to the ground. Olsen assisted Byerline and Turasky as Plaintiff was pinned to the ground and subjected to kneeing to his torso, a knee to his neck, a foot directly on his cuffed hand, and a hand to the side of his face that ground his face into the pavement. Defendant Bomke opened the rear passenger door, grabbed Plaintiff by the chain connecting his handcuffs, and yanked Plaintiff into the squad car, causing "excruciating

pain to both shoulder joints." (*Id.* at 8.) After Plaintiff arrived at the Jail, Defendant Painter, the booking deputy, "was aware of Plaintiff's injuries." (*Id.*)

## III.    Analysis

Plaintiff's Motion for Leave to File (Doc. 11) is granted.

An officer who has the legal right to arrest a person can use physical force to complete the arrest. *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). A claim that a police officer used excessive force during an arrest, investigatory stop, or other seizure of a citizen is analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Determining the reasonableness of the force used "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (internal quotation marks omitted). "Such an analysis is inherently fact-dependent, requiring consideration of such factors as the severity of the crime at issue, whether the person posed an immediate threat to the safety of the officers or others, and whether the person was actively resisting the officers." *Williams v. Ind. State Police Dep't.*, 797 F.3d 468, 472–73 (7th Cir. 2015).

"Throughout the analysis, the reasonableness inquiry is an objective one, which examines whether the officer's actions are objectively reasonable in light of the totality of the facts and circumstances confronting him or her, without regard for consideration of the officer's subjective intent or motivations." *Id.* at 473. The use of force is unreasonable if, given the circumstances confronting the officer, he "used greater force than was

reasonably necessary to effectuate the seizure." *Id.* (citing *Graham*, 490 U.S. at 397.) In considering such a claim, the Court must remain cognizant of the "incredibly difficult task facing law enforcement officers called to address fluid situations such as those presented in these cases." *Williams*, 797 F.3d at 473.

The Court concludes that Plaintiff's account is sufficient to state a Fourth Amendment excessive force claim against Defendants Bomke, Nick Byerline, Olson, and Turasky French for the alleged force used to apprehend Plaintiff on October 11, 2022. However, Plaintiff does not state a claim against Defendant Painter for merely observing Plaintiff's injuries on October 11, 2022. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (noting that liability does not extend to "everyone who knows about a prisoner's problems."). Plaintiff does not allege facts that establish or permit the inference that Painter violated his constitutional rights during Plaintiff's intake processing on October 11, 2022.

The Court cautions Plaintiff that, given he filed his initial Complaint (Doc. 1) on November 1, 2024, which is more than two years after the date of the alleged constitutional violations, his claims may be barred by the statute of limitations unless he can show an exception. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018) ("[T]he statute of limitations for section 1983 actions filed in Illinois is two years."); *Knox v. Cook Cty. Sheriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988) ("While the statute of limitations is an affirmative defense, the burden of establishing an exception thereto is on plaintiff."); *see also Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012) (noting that generally, the party

raising an affirmative defense bears the burden of proof).

The Court clarifies that its initial Merit Review Order (Doc. 8) considered and denied Plaintiff's Motion for Counsel (Doc. 5) but omitted that determination in its summation, which the Court corrects *infra*.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 11) is GRANTED.**

2) **Plaintiff's Motion for Counsel (Doc. 5) is DENIED.**

3) **The Clerk of the Court is DIRECTED to docket Plaintiff's Amended Complaint (Doc. 11) and TERMINATE Painter as a party.**

4) **According to the Court's screening of Plaintiff's Amended Complaint (Doc 8-1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourth Amendment excessive force claim against Defendants Bomke, Nick Byerline, Olson, and Turasky. Plaintiff's claims against Defendants proceed in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for**

effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED July 15, 2025.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE